## WILSON v. ANSONIA BRASS & COPPER CO.

*(Circuit Court, S. D. New York. December 28, 1891.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—LAMP-BURNERS.
   Letters patent No. 316,422, issued April 21, 1885, to George H. Wilson, for an improvement in lamp-burners, consisting of a wick-carrier, with inwardly projecting teeth at the top and bottom for holding the wick and giving it a positive movement as desired, and having slots in the sides for admitting air to the interior for an argand burner, show an essential and useful improvement over all other burners, and are therefore valid.

2. SAME—INFRINGEMENT—EQUIVALENTS.
   A burner having a wick-carrier like that of the patent, except that the wick is held by stitches at the lower end, constitutes an infringement, as the stitches are merely the mechanical equivalent of the teeth.

In Equity. Suit by George H. Wilson against the Ansonia Brass & Copper Company for infringement of a patent. Decree for complainant.

*E. H. Bullard,* for orator.

*Edwin H. Brown,* for defendant.

WHEELER, J. This suit is brought upon letters patent No. 316,422, dated April 21, 1885, and granted to the orator for an improvement in lamp-burners. The patented improvement consists principally in a wick-carrier, with inwardly projecting teeth at the top and bottom ends for holding the wick and giving it a positive movement as desired, and slots in the sides for admitting air to the interior, for an argand burner. The defenses are want of novelty and non-infringement. The proofs show styles of burners, some having one thing, and others another, similar to the plaintiff's, but none having a wick-carrier holding the wick firmly at each end for moving it up and down evenly all round, to properly adjust the flame, and also admitting air to the interior, as his does. The difference between his and all others is small, but it seems to be essential and useful, and therefore patentable. The defendant's burner has a wick-carrier like the plaintiff's in all respects, except that the wick is held by stitches at the lower end instead of by teeth. The stitches appear to be an equivalent there of the teeth, and the carrier appears to be an infringement. Let a decree be entered for the orator.